UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAPROCK MANAGEMENT, LLC and EAGLE INDUSTRIAL GROUP INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE HOME DEPOT, INC., HOME DEPOT PRODUCT AUTHORITY, LLC, and HOME DEPOT U.S.A., INC., <br><br> Defendants. | C.A. No. 2:25-cv-01124 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Kaprock Management LLC ("Kaprock") and Eagle Industrial Group Inc. ("Eagle" and collectively with Kaprock "Plaintiffs") file this Complaint and demand for jury trial seeking relief from patent infringement of the claim of U.S. Design Patent Nos. D1,036,165 and D1,081,215 (the "Patents-in-Suit" or "Asserted Patents") by The Home Depot, Inc., Home Depot Product Authority, LLC, and Home Depot U.S.A., Inc. (collectively, "Home Depot" or "Defendants").

## <u>NATURE OF THE ACTION</u>

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. § 271.

2.     Plaintiffs bring this action to halt Defendants' infringement of their rights under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., which arise under U.S. Design Patent Nos. D1,036,165 (Ex. 1, the "D'165 Patent") and D1,081,215 (Ex. 2, the "D'215 Patent").

## THE PARTIES

3.     Plaintiff Eagle Industrial Group Inc. is a California corporation having a place of business at 23301 Antonio Parkway, Rancho Santa Margarita, CA 92688.

4.     Plaintiff Kaprock Management, LLC is a Texas limited liability company with a place of business at 129 S. Main Street, Suite 260, Grapevine, TX 76051.

5.     On information and belief, Defendant The Home Depot, Inc. is a Delaware corporation, with an established place of business at 2455 Paces Ferry Road, Atlanta, GA 30339.

6.     Upon information and belief, Defendant Home Depot Product Authority, LLC is a Georgia limited liability company with its principal place of business at 2455 Paces Ferry Road, Atlanta, GA 30339.

7.     Upon information and belief, Defendant Home Depot U.S.A., Inc. is a Delaware corporation with a principal place of business at 2455 Paces Ferry Road, Atlanta, GA 30339.

8.     On information and belief, Defendants sell and have offered to sell products and services throughout Texas, including in this judicial district, and have introduced products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

## JURISDICTION AND VENUE

9.     This is an action for patent infringement which arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

10.    This Court has subject matter jurisdiction at least under 28 U.S.C. §§ 1331 and 1338.

11.     Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendants have a place of business in this District at 3901 Old Jacksonville Hwy Tyler, TX 75701, where they have committed acts of infringement.

12.     This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts of infringement within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Home Depot, directly and/or through subsidiaries or intermediaries at least through its online and retail store distributors, conducts their business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in Texas and the Eastern District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in Texas.

13.     Defendants purposefully ship the Accused Products into Texas through an established distribution channel, with the expectation that copies of those products will be sold in Texas. Defendants purposefully import the Accused Products into Texas, made those products available for sale through an established distribution chain, and the cause of action for patent infringement is alleged to arise out of these activities.

14.     Defendants have substantial business contacts within this District and purposefully availed themselves of the privileges and benefits of the laws of the State of Texas.

## **BACKGROUND**

15.     Founded in 2008, Eagle is a veteran-owned company that designs and installs innovative and sleek home and garage storage products in the United States. Eagle sells products

through its website at www.saferacks.com, through online marketplace retailers such as Amazon, and in-store and online at Costco Wholesale.

16.    Eagle's best-selling product is the SafeRacks Wire Shelf Bin Rack ("SafeRacks Storage Bin Rack"). The SafeRacks Storage Bin Rack is a minimal, contemporary shelving system composed of metal rods that creates the illusion of storage bins floating in air when stacked within the unit as shown below.



17.    The SafeRacks Storage Bin Rack's innovative design has gained significant attention. On Instagram, videos of the SafeRacks Storage Bin Rack have reached several million views. For instance, one video from June 2024 has gained over 14 million views:



Screenshot from https://www.instagram.com/reel/C8kSTP7uUVf/.

18.    The July 2025 edition of Costco's monthly magazine *Costco Connection* (which is sent to at least 15.4 million households each month[1]) featured the SafeRacks Storage Bin Rack and boasted its online success.

---

[1] *See, e.g.,* https://www.nytimes.com/2024/10/19/style/costco-connection-magazine.html.



**COSTCO GONE VIRAL**                                                    BETSY DMITRUK

## Stacking up the views

Professional home organizer Betsy Dmitruk, of Holland,
Michigan, made an Instagram reel last year using the
SafeRacks Storage Bin Rack (Item 1558000) that she bought in
a Costco warehouse. The short video went viral. "To date, it has
13.9 million views!," says Dmitruk *(@simply.done.organizing)*.
"The owner of SafeRacks reached out to me personally to
thank me for the reach that reel gave them."

https://www.costcoconnection.com/july_2025/page2.html

19.    The SafeRacks Storage Bin Rack embodies two design patents (the D'165 and
D'215 Patents), and Eagle marks all of its products with the related patent numbers on its boxes
and website.

### DEFENDANTS' INFRINGING ACTIVITIES

20.    In 2024, Eagle attended a meeting hosted by a competitor of Defendants, during
which a broker in attendance photographed Eagle's storage bin rack. This broker also conducted
business with Defendants. Shortly thereafter, and upon information and belief, the broker shared

6

these photographs with Defendants and Defendants' foreign manufacturer, who then began developing a copy of Eagle's product.

21.    In or around February 2025, the broker contacted Eagle and informed it that Defendant's manufacturer was producing designs that appeared to infringe upon Eagle's design patent.[2] Eagle, acting in good faith, sought to resolve the matter by proposing a licensing arrangement with Defendants through the broker that would have been limited to an initial test run with the goal being that Eagle would become the vendor of record to Home Depot for bin rack products.

22.    In June 2025, an employee of Eagle observed what initially appeared to be Eagle's storage bin rack product displayed for sale at a Home Depot store in Dallas, Texas. Upon closer inspection, the employee determined that the item was, in fact, a copy of Eagle's design. Eagle believed this to be a limited test run and monitored Defendants' inventory, which appeared initially low and declined over the summer months. This coincided with Defendants' efforts to onboard Eagle's SafeRacks Storage Bin Rack for sale through Defendants' website. Based on these observations, Eagle inferred that the product test had not been successful and that Defendant would not be selling the infringing product.

23.    However, in late October 2025, Eagle discovered that Defendants had resumed stocking its version of the storage bin rack, the HDX Steel Wire Garage Storage Tote Rack. Over the past few weeks, Defendants' in-store inventory has quickly ramped up ahead of the key holiday season.  This came as a shock to Eagle given that Defendants' action objectively indicated that

---

[2] Subsequently, the broker attempted to retract its earlier statements concerning the potential infringement.

they had decided to avoid infringing Plaintiffs' intellectual property and had even attempted to begin selling Eagle's own SafeRacks Storage Bin Rack.

24.     The HDX Steel Wire Garage Storage Tote Rack infringes on Eagle's design patents alone and with at least three storage bins (the "Accused Products"). Eagle believes that Defendants are now selling the Accused Products at a competitive price to the same wholesaler through which Eagle distributes its genuine products, thereby causing or threatening to cause significant price erosion and loss of business opportunities.

25.     Defendants have been and is presently infringing, and will continue to infringe, the Asserted Patents in this District and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing the Accused Products.

26.     Defendants directly infringe the Asserted Patents pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both.

27.     Defendants also indirectly infringe the Asserted Patents by encouraging, instructing, directing, and requiring others, including its customers, purchasers, users, and developers, to use the storage bin racks and storage bins of the Asserted Patents, either literally or under the doctrine of equivalents, or both.

## COUNT ONE
## DIRECT INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,036,165

28.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

29.     On July 23, 2024, the United States Patent and Trademark Office duly and legally issued the D'165 Patent, entitled "Shelving Unit." *See* Ex. 1. Kaprock owns all rights, title, and interest to and in the D'165 Patent and has exclusively licensed the D'165 Patent to Eagle, including the right to sue and recover damages for all infringement.

30.    The D'165 Patent is an ornamental design for a shelving unit, as shown and described. Exemplary Figure 1 provides an isometric view of the claimed shelving unit:



FIG. 1

31.    Defendants have directly infringed, and continues to directly infringe, the D'165 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale in the United States, and/or importing into the United States, without authorization, the HDX Steel Wire Garage Storage Tote Rack that practices the D'165 Patent literally or under the doctrine of equivalents.

32.    The HDX Steel Wire Garage Storage Tote Rack is the same, or is substantially identical to, the design claimed in the D'165 Patent as shown in the drawings contained therein. An exemplary comparison of the HDX Steel Wire Garage Storage Tote Rack and the D'165 Patent is below:



| U.S. Design Patent No. D1,036,165 | HDX 27 Gallon Tote Rack With 4 Inch Casters |
|---|---|

33.    Comparing the drawings in the D'165 Patent with the HDX Steel Wire Garage Storage Tote Rack, an ordinary observer, with an understanding of the relevant prior art in shelving units, would be deceived into believing that each of the HDX Steel Wire Garage Storage Tote Rack is the same as the patented design of the D'165 Patent.

34.    The above allegations of infringement are preliminary and are therefore subject to change.

35.    Defendants have caused Plaintiffs damage by direct infringement of the claims of the D'165 patent.

36.    In accordance with 35 U.S.C. § 287, Defendants have had actual notice and knowledge of the D'165 patent by no later than the filing of this Complaint.

37.    At least since the date that Defendants learned of the D'165 patent, Defendants' infringement has been deliberate and willful.

38.    On information and belief, Defendants were, at a minimum, willfully blind to the existence of the D'165 patent, Defendants' infringement thereof, as well as the infringement of their customers and others.

39.    Defendants have caused Plaintiffs damage by direct infringement of the claims of the D'165 patent.

40.    On information and belief, Defendants continue, without license, to make, use, import, market, offer for sale, and/or sell in the United States services or products that infringe the D'165 patent.

41.    Defendants have directly infringed and continues to directly infringe the D'165 patent by engaging in acts constituting infringement under 35 U.S.C. § 271(a), including but not necessarily limited to one or more of making, using, selling, and offering to sell, in this District

and elsewhere in the United States, and importing into the United States, the HDX Steel Wire Garage Storage Tote Rack or components and services thereof.

42.    Defendants' infringement of the D'165 patent has injured Eagle in its business and Plaintiffs in their property rights. Plaintiffs are entitled to recover monetary damages for the injuries arising from Defendants' infringement in an amount to be determined at trial.

43.    Defendants' infringement of the D'165 patent has caused irreparable harm to Plaintiffs' and will continue to cause such harm unless and until Defendants' infringing activities are enjoined by this Court.

44.    Defendants' infringement of the D'165 patent is willful. Defendants continue to commit acts of infringement despite a high likelihood that its actions constitute infringement, and Defendants knew or should have known that its actions constituted an unjustifiably high risk of infringement of the D'165 patent. Defendants' continuing infringement of the D'165 patent after the filing of this Complaint is particularly egregious.

45.    Defendants' infringement of the D'165 patent is exceptional and entitles Plaintiffs to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

46.    The full extent of Defendants' infringement is not presently known to Plaintiffs. Plaintiffs make this preliminary identification of infringing products and/or services and infringing claims in Count One without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

## COUNT TWO
## INDIRECT INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,036,165

47.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

48.     Defendants have known that it is infringing the D'165 patent by no later than the filing of this Complaint.

49.     In addition to directly infringing the D'165 patent, as discussed above with respect to Count One, Defendants knew or were willfully blind to the fact that it was inducing infringement of the D'165 patent under 35 U.S.C. § 271(b) by instructing, encouraging, directing, and requiring third parties, including its customers, to directly infringe by using the Accused Product in the United States.

50.     Defendants have knowingly and actively aided and abetted, encouraged, and contributed to the indirect infringement of the D'165 patent by instructing and encouraging its customers, purchasers, users, developers, vendors, partners, and manufacturers to meet the elements of the D'165 patent with the HDX Steel Wire Garage Storage Tote Rack, as described above. Such instructions and encouragement included, but were not limited to, advising third parties to use the HDX Steel Wire Garage Storage Tote Rack in an infringing manner through direct communications, support materials, and customer support regarding how to configure and use the Accused Product, by advertising and promoting the use of the HDX Steel Wire Garage Storage Tote Rack in an infringing manner, and distributing videos and manuals to third parties on how the HDX Steel Wire Garage Storage Tote Rack must be used. *See, e.g.*, Ex. 3.

51.     Defendants have had actual knowledge of the indirect infringement its acts induced and/or contributed to such since no later than the filing of this Complaint.

52.     Defendants have caused Plaintiffs damage by direct and/or indirect infringement of the claims of the D'165 patent.

53.     Defendants' infringement of the D'165 patent has injured Eagle in its business and Plaintiffs in their property rights. Plaintiffs are entitled to recover monetary damages for the injuries arising from Defendant's infringement in an amount to be determined at trial.

54.     Defendants' infringement of the D'165 patent has caused and is continuing to cause damage and irreparable harm to Plaintiffs and will continue to cause such harm unless and until Defendants' infringing activities are enjoined by this Court.

55.     Defendants' infringement of the D'165 patent is willful. Defendants continue to commit acts of infringement despite a high likelihood that its actions constitute infringement, and Defendants knew or should have known that its actions constituted an unjustifiably high risk of infringement of the D'165 patent. Defendants' continuing infringement after the filing of this Complaint is particularly egregious.

56.     Defendants' infringement of the D'165 patent is exceptional and entitles Plaintiffs to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

57.     The full extent of Defendants' infringement is not presently known to Plaintiffs. Plaintiffs make this preliminary identification of infringing products and/or services and infringing claims in Count Two without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

**COUNT THREE**
**DIRECT INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,081,215**

58.     Plaintiffs incorporate by reference the allegations in Paragraphs 1–27 as if fully set forth herein.

59.    On July 1, 2025, the United States Patent and Trademark Office duly and legally

issued the D'215 Patent, entitled "Suspended Bin Rack." *See* Ex. 2. Kaprock owns all rights, title,

and interest to and in the D'215 Patent and has exclusively licensed the D'215 Patent to Eagle,

including the right to sue and recover damages for all infringement.

60.    The D'215 Patent is an ornamental design for a suspended bin rack, as shown and

described. Exemplary Figure 1 provides an isometric view of the claimed suspended bin rack:



FIG. 1

61.    Defendants have directly infringed, and continues to directly infringe, the D'215 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale in the United States, and/or importing into the United States, without authorization, the Accused Products that practice the D'215 Patent literally or under the doctrine of equivalents.

62.    The Accused Products are the same, or are substantially identical to, the design claimed in the D'215 Patent as shown in the drawings contained therein. An exemplary comparison of the Accused Products and the D'215 Patent is below:



| U.S. Design Patent No. D1,081,215 | HDX 27 Gallon Tote Rack With Totes |
|---|---|

63.     Comparing the drawings in the D'215 Patent with the Accused Products, an ordinary observer, with an understanding of the relevant prior art in shelving units, would be deceived into believing that each of the Accused Products are the same as the patented design of the D'215 Patent.

64.     The above allegations of infringement are preliminary and are therefore subject to change.

65.     Defendants have caused Plaintiffs damage by direct infringement of the claims of the D'215 patent.

66.     In accordance with 35 U.S.C. § 287, Defendants have had actual notice and knowledge of the D'215 patent by no later than the filing of this Complaint.

67.     At least since the date that Defendants learned of the D'215 patent, Defendants' infringement has been deliberate and willful.

68.     On information and belief, Defendants were, at a minimum, willfully blind to the existence of the D'215 patent, Defendants' infringement thereof, as well as the infringement of its customers and others.

69.     Defendants have caused Plaintiffs damage by direct infringement of the claims of the D'215 patent.

70.     On information and belief, Defendants continue, without license, to make, use, import, market, offer for sale, and/or sell in the United States services or products that infringe the D'215 patent.

71.     Defendant have directly infringed and continues to directly infringe the D'215 patent by engaging in acts constituting infringement under 35 U.S.C. § 271(a), including but not necessarily limited to one or more of making, using, selling, and offering to sell, in this District

and elsewhere in the United States, and importing into the United States, the Accused Products or components and services thereof.

72.    Defendants' infringement of the D'215 patent has injured Eagle in its business and Plaintiffs' property rights. Plaintiffs are entitled to recover monetary damages for the injuries arising from Defendant's infringement in an amount to be determined at trial.

73.    Defendants' infringement of the D'215 patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until Defendants' infringing activities are enjoined by this Court.

74.    Defendants' infringement of the D'215 patent is willful. Defendants continue to commit acts of infringement despite a high likelihood that its actions constitute infringement, and Defendants knew or should have known that its actions constituted an unjustifiably high risk of infringement of the D'215 patent. Defendants' continuing infringement of the D'215 patent after the filing of this Complaint is particularly egregious.

75.    Defendants' infringement of the D'215 patent is exceptional and entitles Plaintiffs to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

76.    The full extent of Defendants' infringement is not presently known to Plaintiffs. Plaintiffs make this preliminary identification of infringing products and/or services and infringing claims in Count Three without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

## COUNT FOUR
## INDIRECT INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,081,215

77.     Plaintiffs incorporate by reference the allegations in Paragraphs 1–27 and 58–76 as if fully set forth herein.

78.     Defendants have known that it is infringing the D'215 patent by no later than the filing of this Complaint.

79.     In addition to directly infringing the D'215 patent, as discussed above with respect to Count Three, Defendants knew or were willfully blind to the fact that they were inducing infringement of the D'215 patent under 35 U.S.C. § 271(b) by instructing, encouraging, directing, and requiring third parties, including its customers, to directly infringe by using the Accused Products in the United States.

80.     Defendant have knowingly and actively aided and abetted, encouraged, and contributed to the indirect infringement of the D'215 patent by instructing and encouraging its customers, purchasers, users, developers, vendors, partners, and manufacturers to meet the elements of the D'215 patent with the Accused Products, as described above.  Such instructions and encouragement included, but were not limited to, advising third parties to use the Accused Products in an infringing manner through direct communications, support materials, and customer support regarding how to configure and use the Accused Products, by advertising and promoting the use of the Accused Products in an infringing manner, and distributing videos and manuals to third parties on how the Accused Products must be used. *See, e.g.*, Ex. 3.

81.     Defendants have had actual knowledge of its indirect infringement that its acts induced and/or contributed to such since no later than the filing of this Complaint.

82.     Defendants have caused Plaintiffs damage by direct and/or indirect infringement of the claims of the D'215 patent.

83.    Defendants' infringement of the D'215 patent has injured Eagle in its business and Plaintiffs' property rights. Plaintiffs are entitled to recover monetary damages for the injuries arising from Defendants' infringement in an amount to be determined at trial.

84.    Defendants' infringement of the D'215 patent has caused and is continuing to cause damage and irreparable harm to Plaintiffs and will continue to cause such harm unless and until Defendants' infringing activities are enjoined by this Court.

85.    Defendants' infringement of the D'215 patent is willful. Defendants continue to commit acts of infringement despite a high likelihood that its actions constitute infringement, and Defendants knew or should have known that its actions constituted an unjustifiably high risk of infringement of the D'215 patent. Defendants' continuing infringement after the filing of this Complaint is particularly egregious.

86.    Defendants' infringement of the D'215 patent is exceptional and entitles Plaintiffs to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

87.    The full extent of Defendants' infringement is not presently known to Plaintiffs. Plaintiffs make this preliminary identification of infringing products and/or services and infringing claims in Count Four without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendant as follows:

A.    An adjudication that Defendants have directly and/or indirectly infringed the D'165 patent;

B.      Entry of judgment declaring that Defendants' infringement of the D'165 patent is willful;

C.      An order permanently enjoining Defendants from further infringement of the D'165 patent;

D.      An adjudication that Defendants have directly and/or indirectly infringed the D'215 patent;

E.      Entry of judgment declaring that Defendants' infringement of the D'215 patent is willful;

F.      An order permanently enjoining Defendants from further infringement of the D'215 patent;

G.      An award of damages pursuant to 35 U.S.C. § 284;

H.      An order that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

I.      An award to Plaintiffs of their costs, pre- and post-judgment interest, and reasonable expenses to the fullest extent permitted by law;

J.      A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees and costs; and

K.      An award to Plaintiffs of such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: November 14, 2025

Respectfully submitted,

Alexis L. Ritzer
TX Bar No. 24115116
aritzer@ga-iplaw.com
Greg Gardella (to be admitted *pro hac vice*)
ggardella@ga-iplaw.com
Cook Alciati (to be admitted *pro hac vice*)
calciati@ga-iplaw.com
**GARDELLA ALCIATI P.A.**
80 M Street SE, 1st Floor
Washington D.C. 20003
Telephone: (703) 556-9600
Facsimile: (703) 740-4541

*Attorneys for Plaintiffs Kaprock Management, LLC and Eagle Industrial Group Inc.*